**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| GARY WELLS, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | Civil Action No. 3:13-CV-3658-M |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| **Defendant.** | § | |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

Pursuant to Special Order No. 3-251, this case was automatically referred for pretrial management. Before the Court is *Defendant's Motion to Dismiss and Brief in Support*, filed September 19, 2013. (doc. 4.) Based on the relevant filings and applicable law, the motion should be **GRANTED in part** and **DENIED in part**, and Plaintiff's claim for an accounting should be dismissed with prejudice.

## I. BACKGROUND

This case involves the attempted foreclosure of the property located at 1319 Brookhurst Street, Irving, Texas 75061 (the Property). On August 30, 2013, Gary Wells (Plaintiff) filed this action in state court against Bank of America, N.A. (Defendant). (*See* doc. 1-1.) That same day, the state court issued a temporary restraining order preventing Defendant from foreclosing on the Property. (*Id*. at 22.) On September 12, 2013, Defendant removed the action to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1 at 1-2.)

According to the petition, Plaintiff obtained a loan for the purchase of the Property on or about June 6, 1996, and he executed a note and deed of trust in connection with the loan. (docs. 4-1,

4-2.) He contends that Countrywide, Defendant's predecessor-in-interest and servicer of his loan,[1]

neglected to pay two years of property taxes.  (doc. 1-1 at 8, 20.)  "[B]ecause of the property tax

arrearage, and Countrywide's attempt to recover the funds laid out, [his monthly] payment went

from approximately $1,200 a month to almost $2,200 a month" sometime in 2004.  (*Id*.)  He was

unable to make his monthly payments as a result.  (*Id*. at 20.)  Sometime thereafter, the note was

allegedly assigned to Mortgage Electronic Registration Systems, Inc. (MERS).  (*Id*. at 8.)  In

December of 2005, Plaintiff alleges MERS and/or its agents appointed a substitute trustee and

attempted to "foreclose on the Note".  (*Id*. at 20.)  The Property was scheduled to be sold at a

foreclosure sale on September 3, 2013, but the sale did not go forward.  (*Id*. at 8, 20.)  To his

knowledge, "the pre-foreclosure activity was never abated or rescinded," "the foreclosure notice was

never rescinded," and the acceleration notice was never withdrawn or rescinded.  (*Id*.)  Plaintiff's

original petition asserts claims for quiet title, an accounting, limitation of actions under Tex. Civ.

Prac. & Rem. Code § 16.035, and breach of contract.  (*Id*. at 12.)  He seeks declaratory and

injunctive relief, attorneys' fees, damages, pre- and post-judgment interest, and court costs.  (*Id*.)

On September 19, 2013, Defendant moved to dismiss Plaintiff's claims.  (doc. 4.)  With a

timely-filed response and reply, the motion is now ripe for recommendation.

## II.  RULE 12(b)(6) MOTION

Defendant moves to dismiss Plaintiff's petition under Rule 12(b)(6) for failure to state a

---

[1]Because Defendant is Countrywide's successor, Plaintiff's allegations against Countrywide are considered as if asserted against Defendant. *See Enis v. Bank of Am., N.A.*, No. 3:12-cv-0295-D, 2012 WL 4741073, at *1 (N.D.Tex. Oct. 3, 2012)(Fitzwater, C.J.) ("Because BOA is BAC's successor by merger, the court will consider BAC's conduct as if it were BOA's in addressing [the plaintiff's] claims."); *see also* Tex. Bus. Orgs. Code Ann. § 10.008(a) (3), (5) (West 2011) (providing that "all liabilities and obligations" of the merged entity "are allocated to . . . the surviving" entity, and any proceedings pending against the merged entity "may be continued as if the merger did not occur").

claim upon which relief can be granted.  (doc. 4.)

## A.    <u>Legal Standard</u>

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

> Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).   When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."   *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion.   *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.   "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint.   *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).   Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]."   *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs.*, 343 F.3d at 725.   It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."   *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Defendant attaches to its motion copies of the note and the deed of trust.   The note is referenced in Plaintiff's petition and is central to his theory in the case, and therefore it is considered part of the pleadings.   Although the deed of trust is not referenced in the petition as Defendant contends, it is a matter of public record that can be judicially noticed in considering a Rule 12(b)(6) motion.   *See* Fed. R. Evid. 201(b)(2); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of ... deeds and assignments").   Defendant also attaches to its motion a copy of what it contends is a loan history.   The loan history is not attached

to or referenced in the petition and is not therefore considered part of the pleadings.

**B.      Conversion of Rule 12(b)(6) Motion**

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz  Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  "If the court refuses to consider those materials outside the pleadings, then the Rule 12(b)(6) motion remains intact and may be decided on its merits under the appropriate standard of review." *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 188 (S.D.Tex. 2008).  "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

A court abuses its discretion if it fails to provide sufficient notice of its intent to treat a Rule 12(b)(6) motion as one under Rule 56. *Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp.,* 992 F.2d 1398, 1403 (5th Cir.1993); *see also Young v. Biggers,* 938 F.2d 565, 568 (5th Cir.1991) (holding that converting the defendants' motion to dismiss because other defendants had moved in the alternative for summary judgment was improper); *Powell v. United States,* 849 F.2d 1576, 1579 (5th Cir. 1988) (stating that this court strictly enforces the notice requirement in conversion cases).  Importantly, "it is not necessary that the district court give [...] notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for

summary judgment...." *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1284 (5th Cir. 1990) (quoting *Clark v. Tarrant County, TX.,* 798 F.2d 736, 746(5th Cir. 1986)). The proper question is whether the nonmovant was on notice that the "the district court *could* treat the motion as one for summary judgment, not [whether] the court *would* in fact do so." *Id.* (citing *Isquith,* 847 F.2d at 193).  Even so, any reasonable doubts about whether a nonmovant received notice are resolved in favor of that party.  *HS Resources, Inc. v. Wingate,* 327 F.3d 432, 437-38 (5th Cir.2003) (citing  *NL Indus., Inc. v. GHR Energy Corp.,* 940 F.2d 957, 965 (5th Cir.1991)); *St. Paul Mercury Ins. Co.,* 224 F.3d at 435 (choosing not to view the district court's comments at oral argument as notice of intent).

    In addition, when documents outside of the pleadings are submitted in connection with a motion to dismiss, and discovery would be appropriate to resolve the issues raised in the motion, it is appropriate to decline to convert a motion to dismiss.  *See Ace Am. Ins.*, 255 F.R.D. at 189; *Simmang v. Tex. Bd. of Law Examiners*, 346 F. Supp.2d 874, 890 (W.D.Tex. 2004)("[I]f little or not discovery has been conducted on the issue for which the extraneous material was submitted [in connection with a 12(b)(6) motion to dismiss], the Court may decline to convert the motion into a summary judgment motion.")(citations omitted); *Mitsui Sumitomo, Ins. Co. (H.K.) Ltd. v. P&O Ports La., Inc*., No. 07-1538, 2007 WL 2463308, at *2 (E.D. La. Aug. 28, 2007)("A court may choose, in its discretion, not to convert a motion to dismiss into a summary judgment motion when there has been insufficient time for discovery.")(citing *Isquith*, 847 F.2d at 194 n. 3; *Elizondo v. Univ. of Tex.*, No. CIVASA-04-CA-1025-XR, 2005 WL 823353, at *7 (W.D. Tex. Apr. 7, 2005); *5 Million Square Feet Cos. v. Crum & Foster*, Civ. A. No. H-06-3956, 2007 WL 1964523, at *1 n. 7 (S.D.Tex. July 3, 2007)).

Here, Defendant has not moved in the alternative for summary judgment under Rule 56.  It instead argues that the Court may consider the loan history without converting the motion to dismiss into a motion for summary judgment.  (*See* doc. 4 at 3, n.12.)  As noted above, the loan history is not part of the pleadings and may not be considered without converting the motion to dismiss into a motion for summary judgment.  Any doubt about whether the *pro se* Plaintiff received notice that the Court could treat the motion as one for summary judgment is resolved in his favor.  *HS Resources, Inc.,* 327 F.3d at 437-38.  He has not had the opportunity to respond with summary judgment evidence.  In addition, the litigation is still at an early stage, and the parties have not had an opportunity to conduct discovery concerning the loan history.  Accordingly, the loan history will not be considered for purposes of deciding this motion, and the motion to dismiss will not be converted into a motion for summary judgment.

## C.   **Breach of Contract**

Defendant moves to dismiss Plaintiff's claim for breach of contract because he "is undeniably in default of his contractual obligations," and it is a well-established rule that a party to a contract who is in default cannot maintain a suit for its breach.  (doc. 4 at 3.)

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach.  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

Defendant relies on the loan history for its argument that Plaintiff is in default of his contractual obligations.  (*See* doc. 4 at 3.)  Because the loan history is not a part of the pleadings and

is not being considered for purposes of this motion, any default must be apparent from the face of Plaintiff's petition and attachments. *See Baker*, 75 F.3d at 196. The petition alleges that Plaintiff and Defendant entered into a valid contract and he "performed, tendered performance, or was excused from performing his contractual obligation." (doc. 1-1 at 11- 12.) It further contends that Defendant breached the contract and the breach caused him injury. (*Id*. at 12.) The factual summary alleges that Defendant unilaterally raised the monthly payment from "approximately $1,200 per month to almost $2,200 per month", and "it failed to give an adequate explanation for this increase." (*Id*. at 8.) The attached affidavit attests that the increase occurred because Defendant attempted to "recover the funds laid out" after it "neglected to pay two years of property taxes". (*Id*. at 20.) It admits that he was unable to make the increased payments. (*Id*.) As noted, those well-pleaded facts must be taken as true and viewed in the light most favorable to Plaintiff. *Baker*, 75 F.3d at 196. Although the petition concedes that Plaintiff  was unable to make the increased payments, it does not allege that he was in default on the note at the time he brought this action, or that he failed to cure his default under the note. Accordingly, Defendant's motion to dismiss Plaintiff's breach of contract claim on this ground should be denied.

### D.   Limitation of Actions

Defendant moves to dismiss Plaintiff's claim that Defendant is barred from foreclosing on the Property due to the four-year statute of limitations under Tex. Civ. Prac. & Rem. Code § 16.001, *et. seq*.  It contends that the four-year statute of limitations accrues once the note matures in 2026 and not in 2005, as Plaintiff contends.  (doc. 4 at 6-7.)

In Texas, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action

accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b).  For notes payable in installments and secured by a real property lien, "the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment.  § 16.035(e).  Once the four-year limitation expires, "the real property lien and a power of sale to enforce the real property lien become void.  *Id*. at § 16.035(d).  If a note or deed of trust contains an optional acceleration clause, "default does not ipso facto start limitations running on the note."  *DTND Sierra Investments LLC v. Bank of New York Mellon Trust Company, N.A.,* 958 F. Supp.2d 738, 749 (W.D.Tex. 2013) *(*citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)).  Rather, the cause of action accrues only when the holder exercises its option to accelerate.  *Id.*  "Effective acceleration requires two acts: (i) notice of intent to accelerate, and (ii) notice of acceleration."  *Mendoza v. Wells Fargo Bank, N.A.*, No. H-14-054, 2014 WL 2624938, at *5 (S.D.Tex. June 12, 2014) (quoting *Holy Cross,* 44 S.W.3d at 566).  A noteholder who has accelerated a note may abandon acceleration, however, "if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Id.*; *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.-Houston [1st Dist.] 2012, no pet.). Acceleration may also be abandoned by agreement or by other action of the parties.  *Khan*, 371 S.W.3d at 353.   Once abandoned, the contract is restored to its original condition, including restoration of the original maturity date.  *See id.*; *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App.–Tyler 1974, no writ.)

Relying on the loan history attached to its motion, Defendant argues that it abandoned any prior notice of intent to accelerate when it opted to receive further payments from Plaintiff.  (doc. 4 at 6.)  However, as discussed, the loan history is not part of the pleadings and is not considered for purposes of this motion.  Plaintiff alleges that the current foreclosure notice was sent well beyond

the four-year statute of limitations. (doc. 1-1 at 11.) He contends that MERS attempted to foreclose

on the note in December of 2005, and that the "foreclosure notice" and the "acceleration notice"

were never rescinded. (*Id.* at 8, 20.) Therefore, he argues, Defendant lost its opportunity to bring

an action to enforce the note in December of 2009, when the four-year limitation expired. (*Id.* at 11.)

Plaintiff's allegations are sufficient to support a reasonable inference that an acceleration of the note

took place in 2005. The face of the petition does not conclusively allege abandonment of the intent

to accelerate by Defendant. *See Mendoza*, 2014 WL 2624938, at *6 (finding plaintiffs alleged

enough facts to state a claim for relief based on the four-year statute of limitations found in §

16.035(b) where pleadings did not support an inference that defendant abandoned the previous

acceleration). Plaintiff has established a plausible claim that Defendant's attempt to foreclose is

barred by limitations, and its motion to dismiss on this ground should be denied.

**E.**   **Quiet Title Claim**

Defendant also seeks to dismiss Plaintiff's suit to quiet title on the basis that Plaintiff "fails

to allege specific facts supporting the validity of his title to the Property 'with sufficient certainty,'"

and Plaintiff did not tender or offer to tender the full amount owed on the note. (doc. 4 at 5.)

A suit to quiet title, also known as a claim to remove cloud from title, "relies on the

invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32,

42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). This suit "enable[s] the holder of the feeblest

equity to remove from his way to legal title any unlawful hindrance having the appearance of better

right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (citation

and internal quotation marks omitted). To prevail, a plaintiff must show that: (1) he has an interest

in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the

claim, although facially valid, is invalid or unenforceable.  *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 766 (N.D. Tex. 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)).  The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Id.* (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)).  Notably, the plaintiff must prove and recover on the strength of his own title, not on the weakness of his adversary's title.  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Defendant argues that Plaintiff has failed to allege specific facts supporting the validity of his title to the Property "with sufficient certainty".  (doc. 4 at 5.)  However, given that Plaintiff has alleged a plausible claim that Defendant's attempt to foreclose on the Property is barred by limitations, Plaintiff has sufficiently alleged not only that he has an interest in the Property, but that his title to the Property is affected by Defendant's allegedly unenforceable foreclosure claim.  If Defendant is barred from foreclosing due to limitations as Plaintiff contends, he has a "right of ownership that will warrant judicial interference."  He has therefore alleged sufficient facts to support the validity and superiority of his title to the Property.  Defendant's motion to dismiss his quiet title claim should be denied on this ground.

Relying on the loan history, Defendant also argues that Plaintiff's quiet title claim must be dismissed because he did not tender or offer to tender the full amount owed on the note.  (doc. 4 at 5.)  As discussed above, the loan history is not part of the pleadings and is not considered for purposes of this motion.  The petition contends that Plaintiff is "entitled to equitable relief by a

judicial decree and order declaring Plaintiff to be the owner of record of the Property." (doc. 1-1 at 11.) In the factual summary, Plaintiff alleges that Defendant raised his monthly payment from approximately $1,200 a month to almost $2,200 a month. (doc. 1-1 at 8.) He admits in the attached affidavit that he was unable to male the increased payments. (*Id*. at 20.) However, his factual allegations do not establish that he failed to tender or offer to tender the full amount owed on the note either before or after Defendant initiated the latest foreclosure proceedings.

Moreover, although courts in Texas have found tender a necessary condition for an action to recover title based on the principle that a party seeking an equitable remedy must do equity, Defendant does not present any authority that such tender is a necessary condition for an action to quiet title under Texas law. *See Giles v. Bank of Am., N.A.*, No. SA-11-cv-1035, 2012 WL 1038581, at *4 (W.D. Tex. Mar. 27, 2012). Accordingly, Defendant's motion to dismiss Plaintiff's quiet title claim on this ground should be denied as well.

**F.    Accounting**

Defendant next seeks to dismiss Plaintiff's claim for an accounting. (*See* doc. 4 at 7-8.) It contends that a request for an accounting is a remedy that cannot stand as an independent claim, and Plaintiff failed to state any underlying claims upon which relief can be granted to support that remedy. (*Id*. at 8.)

"An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Watson v. CitiMortgage, Inc.*, 814 F. Supp.2d 726, 737 (E.D.Tex. 2011) (quoting *Brown v. Cooley Enters., Inc.*, No. 3:11-cv-0124-D, 2011 WL 2200605, at *1 (N.D.Tex. June 7, 2011). An accounting sought in equity "is proper when the facts and accounts presented are so complex [that] adequate relief may not be obtained at law." *Steele*

12

*v. Green Tree Servicing, LLC*, No. 3:09-cv-0603-D, 2010 WL 3565415, at *8 (N.D.Tex. Sept. 7, 2010), *aff'd*, 453 F. App'x 473 (5th Cir. 2011)(quoting *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex.App.–Houston [14th Dist.] 2002, pet. denied)). "[I]f the party can contain similar relief through standard discovery, the trial court may decline to order an accounting." *Id*. "If Plaintiffs' request for an accounting is a remedy sought rather than a cause of action, the determination of whether an accounting would be an appropriate remedy must await the determination of the liability issues." *Watson*, 814 F. Supp.2d at 737 (citing *Shields v. Ameriquest Mortg. Co.*, No. 05-06-01647-cv, 2007 WL 3317533, at *2 (Tex. App.–Dallas 2007, no pet.)).

Plaintiff requests that "Defendant provide an itemized accounting of all payments received, requested, made, denied, and to where and how such payments were allocated." (doc. 1-1 at 11.) Plaintiff contends in his response that he is seeking an accounting as an equitable claim. (*See* doc. 6 at 11.) Therefore, since he can obtain the accounting statements through discovery, Defendant's motion to dismiss any cause of action for an accounting should be granted.

## G. <u>Declaratory Judgment</u>

Defendant seeks to dismiss Plaintiff's declaratory judgment claim because his allegations under this claim "are entirely dependent and intertwined with Plaintiff's other allegations....[and] declaratory judgment does not constitute an independent cause of action." (doc. 4 at 8.)

The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, allows a federal court to declare the rights and legal relations of any interested party. 28 U.S.C. § 2201. The availability of a declaratory judgment depends upon the existence of a judicially remediable right, however. *See Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012).

13

Here, Plaintiff alleges that Defendant attempted to foreclose and service the alleged debt without proper proof of any contractual or legal right.   (doc. 1-1 at 10.)  He therefore seeks a judgment declaring that (1) Defendant have "no legal, equitable or possessory interest in the subject property," and (2) Defendant take nothing for the debt alleged.  (*Id*.)  In his response, he contends that he has sufficiently plead a suit for breach of contract and a claim for limitations regarding Defendant's ability to foreclose, which would entitle him to declaratory relief.  (doc. 6 at 12.)  Because Plaintiff's breach of contract claim and his claim that Defendant's attempt to foreclose is barred by limitations should not be dismissed, his requested declarations based on those claims should also not be dismissed.  *See Hurd*, 880 F.Supp.2d at 769 (finding plaintiff's request for declaratory judgment should not be dismissed because it was based on her viable claims alleged in the complaint); *Watson*, 814 F.Supp.2d at 737-738 (declining to dismiss plaintiffs' declaratory judgment action because plaintiffs had stated a claim against lender for breach of contract).

Accordingly, Defendant's motion to dismiss Plaintiff's declaratory judgment claim should be denied.

## H.   <u>Injunctive Relief</u>

Finally, Defendant seeks to dismiss Plaintiff's request for injunctive relief.  (*See* doc. 4 at 8.)  Defendant argues that "Plaintiff's claims for injunctive relief" fail as a matter of law because he comes to the court with "unclean hands – i.e. he is undisputedly in default of his contractual obligations."  (doc. 4 at 8.)  Defendant also argues that Plaintiff has failed to sufficiently plead any cause of action and is therefore not entitled to injunctive relief.  (*Id*.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'"  *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-

14

A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).

Defendant relies on the loan history for its argument that Plaintiff is in default of his contractual obligations. (*See* doc. 4 at 3.)  As previously discussed, because the loan history is not a part of the pleadings and is not being considered for purposes of this motion, any default must be apparent from the face of the pleadings. *See Baker*, 75 F.3d at 196.  Here, Plaintiff seeks to prevent Defendant from "foreclosing on the Property," from conducting "any foreclosure activity related to the Property," and from "any and all efforts to convey, transfer, assign, and encumber the Property." (doc. 1-1 at 10.)  The petition alleges that Plaintiff is likely to succeed on the merits because Defendant's latest "foreclosure action" is barred by limitations. (*Id*. at 8.)  It also contends that if Defendant is not restrained, "Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final, and equal relief." (*Id*.)  Again, although the petition concedes that Plaintiff was unable to make payments on the loan due to an alleged increase in the monthly payment (doc. 1-1 at 20), it does not allege that Plaintiff was in default on the note at the time he brought this action, or that he failed to cure his default.  Plaintiff's factual allegations must be taken as true and viewed in the light most favorable to him. *Baker*, 75 F.3d 196.  Accordingly, Defendant's motion to dismiss Plaintiff's request for injunctive relief on this ground should be denied.

Defendant also argues that Plaintiff has failed to sufficiently plead any cause of action. (doc. 4 at 8.)  Because he has sufficiently alleged that Defendant's efforts to foreclose are barred by limitations, and his breach of contract and quiet title claims survive dismissal, Defendant's motion to dismiss Plaintiff's request for injunctive relief on this ground should be denied.

## III.    RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED in part** and **DENIED in part**, and Plaintiff's cause of action for an accounting should be dismissed with prejudice.  Plaintiff's remaining claims should remain pending for trial.

SIGNED on this 18th day of August, 2014.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

16