**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GARY WELLS,** § | |
| § | |
| **Plaintiff,** § | |
| **v.** § | **Civil Action No. 3:13-CV-3658-M** |
| § | |
| **BANK OF AMERICA, N.A.,** § | |
| § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial

management.   Before the Court are *Plaintiff's Motion for Partial Summary Judgment,* filed

November 5, 2014 (doc. 24), and *Defendant's Motion for Summary Judgment and Brief in Support*,

filed November 7, 2014 (doc. 27).  Based on the relevant filings and applicable law, the plaintiff's

motion should be **DENIED**, and the defendant's motion should be **GRANTED**.

**I.   BACKGROUND**

On August 30, 2013, Gary Wells (Plaintiff) sued Bank of America, N.A. (Defendant), in

state court based on the attempted foreclosure of his home located at 1319 Brookhurst Street, Irving,

Texas 75061 (the Property). (*See* doc. 1-1.)[1]  He asserted claims for quiet title, an accounting, breach

of contract, and a statute of limitations defense under Tex. Civ. Prac. & Rem. Code § 16.035.  (*Id*.

at 10-12.)  He requested declaratory and injunctive relief, attorneys' fees, damages, pre- and post-

judgment interest, and court costs.  (*Id*. at 12.)  That same day, the state court issued a temporary

restraining order preventing Defendant from foreclosing on the Property.  (*Id*. at 22.)

According to the original petition, on or about June 7, 1996, Plaintiff obtained a loan in the

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page
numbers at the bottom of each filing.

amount of $116,000.00 from Temple-Inland Mortgage Corporation (Temple-Inland) for the purchase

of the Property, and he executed a note and deed of trust in connection with the loan.[2]   (doc. 27-2

at 1, 4-12.)  The deed of trust provided that the note or a partial interest in the note may be sold one

or more times without prior notice to Plaintiff.  (*Id*. at 9.)  It also provided that "[a]ny forbearance

by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any

right or remedy."  (*Id*. at 8.)  At some point after the loan was originated, Bank of America's

predecessor, Countrywide Home Loans Servicing LP[3], began servicing the loan.  (*See id.* at 37.)

The rights, title, and interest in the deed of trust, together with the note, were transferred from

Temple-Inland[4] to Mortgage Electronic Registration Systems, Inc. (MERS), on or about June 22,

2005.  (*Id*. at 13.)  On or about April 8, 2013, MERS transferred all of its rights, title, and interest

in the deed of trust to Defendant.  (*Id*. at 15-16.)

According to Plaintiff's loan history, which details transactions on his loan account, he failed

to timely make his monthly loan payments in September, October, and November 2005.  (*Id*. at 18-

19.)  On October 17, 2005, Defendant sent Plaintiff a notice that his loan was in default due to his

failure to make monthly payments for the months of September and October.  (*Id*. at 37.)  The notice

warned that if Plaintiff did not cure the default on or before November 16, 2005, his loan would be

---

[2]Plaintiff's wife, Mary Sue Wells, also executed the note and deed of trust, but she is not listed as a party in this action.  (*See* doc. 1-1 at 6; doc. 27-2 at 5, 10.)

[3]Because Defendant is Countrywide's successor, Plaintiff's allegations against Countrywide are considered as if asserted against Defendant.  *See Enis v. Bank of Am., N.A.*, No. 3:12-cv-0295-D, 2012 WL 4741073, at *1 (N.D.Tex. Oct. 3, 2012)(Fitzwater, C.J.) ("Because BOA is BAC's successor by merger, the court will consider BAC's conduct as if it were BOA's in addressing [the plaintiff's] claims."); *see also* Tex. Bus. Orgs. Code Ann. § 10.008(a) (3), (5) (West 2011) (providing that "all liabilities and obligations" of the merged entity "are allocated to . . . the surviving" entity, and any proceedings pending against the merged entity "may be continued as if the merger did not occur").

[4]Temple-Inland changed its name to Guaranty Residential Lending, Inc., in 2001, according to a Certificate of Name Change filed with the State of Nevada Secretary of State.  (doc. 27-2 at 117.)

accelerated.  (*Id*.)  On December 12, 2005, a notice of substitute trustee's sale for January 3, 2006 was recorded in the Official Public Records of Dallas County.  (*Id*. at 110).  Plaintiff made four regular payments on December 30, 2005, however, which cured his default.  (*Id*. at 19.)  The January 3, 2006 foreclosure did not take place.

From 2007 until July 2009, Plaintiff defaulted on the loan several times, which precipitated notices of default from Defendant.  (*See id.* at 20-23, 44-99.)  He made three payments on the loan on August 31, 2009, which cured his prior defaults.  (*See id.* at 23.)  According to the payment history, he has not made a regular monthly payment since then.   (*Id*. at 23-26.)  On October 19, 2009, Defendant sent Plaintiff a notice that he was in default for failure to make his September 2009 monthly payment.  (*Id*. at 102.)  It warned that his loan would be accelerated and foreclosure proceedings would be initiated if the default was not cured by November 18, 2009.  (*Id*.)  A notice of a February 2, 2010 substitute trustee's sale was recorded in the Official Public Records of Dallas County on December 28, 2009.  (*Id*. at 112.)

On March 10, 2010, Defendant offered Plaintiff a three-month trial loan modification plan that would allow him to make reduced monthly payments for three months as a precursor to a permanent modification.  (*Id*. at 104.)  He declined the offer on June 1, 2010.  (*Id*. at 106.)

On April 15, 2013, Defendant sent Plaintiff a letter notifying him that his mortgage was in default, and the Property would be "referred to foreclosure."  (*Id*. at 107.)  It also informed him that the amount needed to reinstate the loan and bring it current was $67,800.57.[5]  (*Id*.)  Defendant scheduled a foreclosure sale for September 3, 2013, and it recorded a notice of the sale in the Official Public Records of Dallas County.  (*Id.* at 114.)  The sale did not take place because Plaintiff

_____

[5]As of September 5, 2014, Plaintiff's escrow balance is $34,741.14, which is the amount Defendant has paid towards his property taxes and hazard insurance.  (*See* doc. 27-2 at 26.)

filed this lawsuit in late August 2013.  (doc. 1-1 at 6, 8.)

Defendant removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 on September 12, 2013.  (doc. 1 at 1-2.)  It moved to dismiss the action on September 19, 2013, the motion was granted in part, and Plaintiff's claim for an accounting was dismissed with prejudice.  (doc. 21.)  Remaining for trial were his claims for breach of contract, limitation of actions, quiet title as well as his requests for declaratory and injunctive relief.  (*Id*.)  Plaintiff moved for partial summary judgment on November 5, 2014, and Defendant moved for summary judgment on all claims on November 7, 2014.  (docs. 24, 27.)  Both motions are ripe for recommendation.

## II.  SUMMARY JUDGMENT

Plaintiff moves for summary judgment as to his limitations defense and his request for declaratory relief.  (doc. 24.)  Defendant moves for summary judgment on all of Plaintiff's remaining claims for breach of contract, quiet title, declaratory and injunctive relief, and his limitations defense.  (doc. 27.)

### A.    <u>Summary Judgment Standard</u>

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(c).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The pleadings,

discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine

issue of material fact exists.  FED.R.CIV.P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention

to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.

*Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show

that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the non-movant must show that the

evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S.

at 249.

While all of the evidence must be viewed in a light most favorable to the non-movant, *id.* at

255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)), neither conclusory

allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden,

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954

F.2d 1125, 1131 (5th Cir.1992).  Summary judgment in favor of the movant is proper if, after

adequate time for discovery, the non-movant fails to establish the existence of an element essential

to his case and as to which he will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322–23.

"The party opposing summary judgment is required to identify specific evidence in the record and

to articulate the precise manner in which that evidence supports his or her claim."  *Ragas v. Tenn.*

*Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998).

**B.**    **Breach of Contract**

Defendant moves for summary judgment on Plaintiff's breach of contract claim because he

failed to perform or tender performance of his contractual obligations.  (doc. 27 at 13.)

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

### 1.    *Failure to Perform*

Defendant first contends that Plaintiff's breach of contract claim fails as a matter of law because it is undisputed that Plaintiff is in default of his loan obligations, and he therefore failed to perform or tender performance. (doc. 27 at 13.) It is well-established "that a party to a contract who is himself in default cannot maintain a suit for its breach." *Langlois v. Wells Fargo Bank Nat. Ass'n*, 581 F. App'x 421, 425 (5th Cir. 2014)(quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)) (internal quotation marks omitted).

Neither party disputes that the note and deed of trust securing Plaintiff's loan are valid contracts between the parties. The undisputed summary judgment evidence shows that he has been in default on the loan since August 31, 2009, which is the last time he made a full payment on his loan. (doc. 27-2 at 23-26.) It also shows that as of September 5, 2014, Plaintiff's escrow balance was $34,741.14, due to his failure to pay property taxes and hazard insurance since August 2009. (*Id.* at 2, 26.) Defendant has met its summary judgment burden to show that there is no genuine issue of material fact with respect to whether Plaintiff performed under the note and deed of trust as required for his breach of contract claim. The burden now shifts to him to show that there is a genuine issue of material fact.

Plaintiff does not deny that he defaulted on his loan. He contends in his petition that

6

Defendant unilaterally raised the monthly payment from "approximately $1,200 per month to almost $2,200 per month", and he was unable to make the increased payments. (doc. 1-1 at 8, 20.) He claims that the increase occurred because Defendant attempted to "recover the funds laid out" after it "neglected to pay two years of property taxes". (*Id*. at 20.) However, Plaintiff fails to provide any evidence that Defendant neglected to pay the property taxes in violation of the note or deed of trust, or that it otherwise caused him to default on the loan. He has failed to identify a genuine issue of material fact as to whether he performed under the note and deed of trust, and Defendant's motion for summary judgment as to his breach of contract claim should be granted. *See Bracken v. Wells Fargo Bank, N.A.*, 13 F.Supp.3d 673, 680 (E.D. Tex. 2014)(finding the plaintiffs failed to establish that they complied with their contractual obligations because they failed to make the required monthly payments, and therefore, they cannot bring a breach of contract claim against the defendant); *Richardson v. Wells Fargo Bank, N.A.*, 873 F.Supp.2d 800, 809 (N.D. Tex. 2012)(finding the plaintiff's failure to perform her contractual obligations by being consistently late on her monthly payments and failing to make payments for the last three months warrant summary judgment on her breach of contract claim on that basis alone).

### 2.    *Opportunity to Cure*

Defendant also argues that to the extent Plaintiff's breach of contract claim is based on its alleged failure to provide him with an opportunity to cure his default, he had countless opportunities to cure his default. (doc. 27 at 13-14.) It provides summary judgment evidence showing that Plaintiff refused to accept its offer to enter into a trial modification plan, which would have allowed him to make reduced payments on the loan. (*See* doc. 27-2 at 106.) It also provides evidence that it gave him several other opportunities to cure his defaults, and it provided him with several notices

7

of default.  (*See id.* at 35-61, 76-103.)  As to Plaintiff's latest default in August 2009, Defendant

provides evidence that it gave him notice of the amount needed to reinstate his loan and bring his

account current more than five months before the scheduled September 2013 foreclosure.  (*Id*. at

107.)  Plaintiff does not provide any evidence to the contrary.  To the extent his breach of contract

claim is based on Defendant's alleged failure to provide him with an opportunity to cure his default,

Defendant's motion for summary judgment as to this claim should be granted.  *See Bracken*, 13

F.Supp.3d at 681 (granting the defendant's motion for summary judgment with regard to the

plaintiffs' breach of contract claim based on the Defendant's failure to give them opportunity to cure

and reinstate where the summary judgment evidence established that the defendant gave the

plaintiffs multiple opportunities to cure their default and reinstate their note).

C.      **Statute of Limitations**

Both parties move for summary judgment on Plaintiff's claim that Defendant's right to

foreclose on the Property is barred by the statute of limitations.  Plaintiff argues that the limitations

period began to run in 2005 when Defendant accelerated the loan, and it expired before the

attempted September 2013 foreclosure because there is no written evidence of a rescission.  (doc.

24 at 3-4.) Defendant argues that any "prior" acceleration of the loan was abandoned when it

accepted payments from Plaintiff on the loan.  (doc. 27 at 18-20.)  Plaintiff responds that based on

the language in the deed of trust that "[a]ny forbearance by Lender in exercising any right or remedy

shall not be a waiver of or preclude the exercise of any right or remedy", there cannot be any

abandonment of the acceleration because it is contractually forbidden.  (doc. 32 at 2-3.)

In Texas, "[a] sale of real property under a power of sale in a mortgage or deed of trust that

creates a real property lien must be made not later than four years after the day the cause of action

accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b).  For notes payable in installments and secured

by a real property lien, "the four-year limitations period does not begin to run until the maturity date

of the last note, obligation, or installment.  § 16.035(e).  Once the four-year limitation expires, "the

real property lien and a power of sale to enforce the real property lien become void.  *Id*. at §

16.035(d).

      If a note or deed of trust contains an optional acceleration clause, "default does not ipso facto

start limitations running on the note."  *DTND Sierra Investments LLC v. Bank of New York Mellon*

*Trust Company, N.A.,* 958 F. Supp.2d 738, 749 (W.D.Tex. 2013)(quoting *Holy Cross Church of God*

*in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)).  Rather, the cause of action accrues only when

the holder exercises its option to accelerate.  *Id*.  "Effective acceleration requires two acts: (i) notice

of intent to accelerate, and (ii) notice of acceleration."  *Mendoza v. Wells Fargo Bank, N.A.*, No. H-

14-054, 2014 WL 2624938, at *5 (S.D.Tex. June 12, 2014) (quoting *Holy Cross,* 44 S.W.3d at 566).

A noteholder who has accelerated a note may abandon acceleration, however, "if the holder

continues to accept payments without exacting any remedies available to it upon declared maturity."

*Id*.; *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.-Houston [1st Dist.] 2012, no pet.).

Acceleration may also be abandoned by agreement or by other action of the parties.  *Khan*, 371

S.W.3d at 353.  Once abandoned, the contract is restored to its original condition, including

restoration of the original maturity date.  *See id.*; *Denbina v. City of Hurst*, 516 S.W.2d 460, 463

(Tex. Civ. App.–Tyler 1974, no writ).

      Here, it is undisputed that Defendant accelerated Plaintiff's loan in December 2005 and that

it attempted to foreclose on the Property in September 2013.  (*See* docs. 1-1 at 8; 27 at 18-20.)  It

is also undisputed that Defendant continued to accept payments from Plaintiff after the 2005

acceleration.  (docs. 32 at 2; doc. 27 at 19.)  The deed of trust does not preclude Defendant from abandoning an acceleration of the loan.  It simply provides Defendant with a reservation of rights if it chooses to refrain from exercising a right or remedy under the deed of trust.  Abandonment of acceleration and waiver of acceleration are different issues.  *See Mendoza*, 2014 WL 2624938, at *4 ("Abandonment of a prior acceleration and waiver of future acceleration are separate issues."); *Rivera v. Bank of America, N.A.*, No. 4:13-cv-195, 2014 WL 2996159, at *6, 8 (E.D. Tex. July 3, 2014)(finding lender abandoned acceleration, and separately finding that it had not waived its right to later accelerate and foreclosure).  Plaintiff provides no authority for his contention that the anti-waiver provision in the deed of trust bars an abandonment of acceleration.

Plaintiff also contends that according to Tex. Civ. Prac. & Rem. Code § 16.036(a)[6], any rescission of the acceleration must be in writing.  (doc. 24 at 4-5.)  There is no requirement that an abandonment of acceleration be in writing, however, and it is not subject to the statute of frauds since the parties can accomplish abandonment by their actions alone.  *See Mendoza*, 2014 WL 2624938, at *4 ("[T]he Texas Statute of Frauds does not apply to abandonment because abandonment can be accomplished through actions alone; actions that do not have to be in writing.")(*quoting In re Rosas*, 520 B.R.534, 540 (W.D. Tex. 2014)).

Because it is undisputed that Defendant abandoned the 2005 acceleration by continuing to accept payments from Plaintiff, he has failed to meet his burden to show that Defendant's right to

---

[6]Tex. Civ. Prac. & Rem. Code 16.036(a) states, "[t]he party or parties primarily liable for a debt or obligation secured by a real property lien ... may suspend the running of the four-year limitations period for real property liens through a written extension agreement provided by this section."

foreclose on the Property is barred by the four-year statute of limitations.[7]  Plaintiff's motion for

summary judgment should be denied, and Defendant's motion for summary judgment should be

granted as to this claim.

**D.      Quiet Title**

Defendant also seeks to dismiss Plaintiff's quiet title claim on the basis that he provides no

evidence that the deed of trust is void, invalid, or otherwise unenforceable.[8]  (doc. 27 at 14.)

A suit to quiet title, also known as a claim to remove cloud from title, "relies on the

invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32,

42 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  This suit "enable[s] the holder of the feeblest

equity to remove from his way to legal title any unlawful hindrance having the appearance of better

right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (citation

and internal quotation marks omitted).  To prevail, a plaintiff must show that: (1) he has an interest

in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the

claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Servicing, LP*,

880 F.Supp.2d 747, 766 (N.D. Tex. 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-

00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem.

---

[7]Plaintiff does not allege or provide any evidence to show that the September 2013 foreclosure was time-barred due to any subsequent acceleration.  As noted, on October 19, 2009, Defendant sent Plaintiff a notice warning him that if he did not cure his default on or before November 19, 2009, his loan would be accelerated.  (doc. 27-1 at 102-103.) Notice of a February 2, 2010 sale was recorded on December 28, 2009.  (*Id*. at 112.)  Even assuming the loan was accelerated on November 19, 2019, the four-year statute of limitations would not have run until October 20, 2013, more than a month after Defendant attempted to foreclose on the Property on September 3, 2013.

[8]Defendant also argues that to the extent Plaintiff bases his claim upon any assignments of the underlying documents, his claim fails due to lack of standing.  (doc. 27 at 15.)  However, Plaintiff has made it clear that his suit to quiet title is "entirely contingent on [his] statute of limitations argument."  (*See* doc. 32 at 3.)  It is therefore unnecessary to reach this argument.  Defendant also argues that Plaintiff has failed to allege specific facts supporting the validity of his title with "sufficient certainty," and he has failed to tender or offer to tender the full amount owed on the note, which is a necessary prerequisite to recovery of title.  (doc. 27 at 17-18.)  Because Plaintiff's claim is otherwise subject to dismissal, it is also unnecessary to reach this argument.

op.)).  The plaintiff "must allege right, title, or ownership in himself or herself with sufficient

certainty to enable the court to see he or she has a right of ownership that will warrant judicial

interference."  *Id.* (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000,

pet. denied)).  Notably, the plaintiff must prove and recover on the strength of his own title, not on

the weakness of his adversary's title.  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus

Christi 2001, no pet.).

Plaintiff seeks to quiet his title "subject only to such legitimate liens and encumbrances as

the Court may deem void," and avoiding any liens or encumbrances on the Property created by

Defendant or its predecessors.  (doc. 1-1 at 11.)  Defendant has provided evidence that its lien on

the Property is valid.  The summary judgment evidence establishes that Plaintiff executed a deed of

trust providing a lien on the Property securing his loan from Temple-Inland, that the deed of trust

was subsequently assigned to Defendant through one or more assignments, and that Plaintiff

defaulted on his loan.  (*See* doc. 27-2 at 6-16; 18-26.)  It has therefore met its summary judgment

burden, and the burden shifts to Plaintiff to show that there is a genuine issue of material fact as to

his claim.

Rather than dispute Defendant's evidence, Plaintiff argues that his quiet title claim is

"entirely contingent on [his] statute of limitations argument."  (doc. 32 at 3.)  He contends that if

Defendant's claim to the Property is barred by the statute of limitations, its claim would be invalid

and/or unenforceable.  (*Id.*)  Because Defendant's claim is not barred by limitations, he has failed

to demonstrate that there is a genuine issue of material fact as to whether its claim to the Property

is invalid or unenforceable, which is an essential element of his claim.  His suit to quiet title

therefore fails as a matter of law.  *See Henry v. Chase Home Finance, LLC*, No. H-11-0668, 2012

WL 5868594, at *5 (S.D.Tex. Nov. 19, 2012)(granting summary judgment on the plaintiff's quiet-

title claim where the defendant provided competent summary judgment evidence that it possessed

a legally valid mortgage on the plaintiff's property and the plaintiff failed to demonstrate a fact

dispute as to that issue).

### E.      Declaratory Judgment

Both parties move for summary judgment as to Plaintiff's request for declaratory relief.

Defendant seeks to dismiss Plaintiff's request for declaratory judgment because his allegations under

this claim "are entirely dependent and intertwined with Plaintiff's other allegations....[and]

declaratory judgment does not constitute an independent cause of action." (doc. 27 at 20.)

Plaintiff seeks relief under the Texas Declaratory Judgments Act, codified in

§§ 37.001–37.011 of the Texas Civil Practice & Remedies Code. "The Texas act is a procedural,

rather than substantive, provision, and would generally not apply to a removed action" such as this

one. *See Brock v. Fed. Nat'l Mortg. Ass'n*, No. 4:11-CV-211-A, 2012 WL 620550, at *5 (N.D. Tex.

Feb. 24, 2012). In light of removal, the action may be construed as one brought under the federal

Declaratory Judgment Act (DJA), 28 U.S.C. §§ 2201, 2202. *See Bell v. Bank of Am. Home Loan*

*Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) ("When a

declaratory judgment action is filed in state court and is subsequently removed to federal court, it

is converted to one brought under the federal [DJA]."). The DJA provides that "[i]n a case of actual

controversy within its jurisdiction . . . any court of the United States, upon the filing of an

appropriate pleading, may declare the rights and other legal relations of any interested party seeking

such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Act

"does not create a substantive cause of action," however, and "is merely a vehicle that allows a party

to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA*, *L.P.*, No. 3:03-CV-1658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citations and internal quotation marks omitted). It is an authorization, not a command, and gives federal courts broad, but "not unfettered," discretion to grant or refuse declaratory judgment. *Id.*

Here, Plaintiff seeks declarations (1) that Defendant has "no legal, equitable or possessory interest in the subject property," and (2) that it take nothing for the debt based on the statute of limitations. (*See* doc. 1-1 at 10; doc. 24 at 6-7; doc. 32 at 2.) Because Defendant's claim to the Property is not time-barred, it is entitled to summary judgment on Plaintiff's request for declaratory judgment. *See Thompson v. Bank of America, N.A.*, 13 F.Supp.3d 636, 660 (N.D. Tex. 2014)(denying request for declaratory judgment based on causes of actions that did not withstand summary judgment); *Sgroe v. Wells Fargo Bank, N.A.*, 941 F.Supp.2d 731, 752 (E.D. Tex. 2013). Plaintiff's summary judgment motion for declaratory judgment should be denied, and Defendant's motion on this claim should be granted.

**F.    Injunctive Relief**

Finally, Defendant seeks to dismiss Plaintiff's request for injunctive relief on the basis that he has failed to sufficiently plead a cause of action. (doc. 27 at 20.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). All of Plaintiff's claims have either already been dismissed or are subject to dismissal. His request for injunctive relief should be denied, and Defendant's motion to dismiss it should be granted*. See Jones v. Bank of New York Mellon*, No. H-13-2414,

14

2015 WL 300495, at *12 (N.D. Tex. Jan. 22, 2015)(finding claim for injunctive relief should be denied because the plaintiff's underlying claims should be dismissed); *Nelson v. Wells Fargo Home Mortg.*, No. 3:10-cv-1771, 2012 WL 6928579, at *6 (N.D. Tex. Nov. 5, 2012), *rec. adopted*, 2013 WL 271537 (N.D.Tex. Jan. 22, 2013)(finding request for injunctive relief fails as a matter of law where the plaintiff failed to demonstrate any well-founded causes of action against the defendant).

### III.  RECOMMENDATION

Plaintiff's motion for partial summary judgment should be **DENIED**, and Defendant's motion for summary judgment should be **GRANTED**.   Plaintiff's remaining claims for breach of contract, limitation of actions under Tex. Civ. Prac. & Rem. Code § 16.035, quiet title, declaratory judgment, and injunctive relief should be dismissed with prejudice.

**SO RECOMMENDED on this 22nd day of June, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE